1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,            CASE NO. 11CR4956 WQH

11                          Plaintiff,   ORDER

        vs.
12  RUBEN LEE RUDTKE,

13                          Defendant.

14  HAYES, Judge:

15          In the matter before the Court, Defendant Ruben Lee Rudtke moves the Court as

16  follows:

17  1) Suppress fruit of administrative subpoenas to Craigslist  (ECF No. 36-1);

18  2) Suppress fruit of search warrant to Yahoo! email account (ECF No. 36-2);

19  3) Suppress fruit of administrative subpoenas to Sprint and AT&T (ECF No. 36-3);

20  4) Suppress fruit of search warrant for residence and computers (ECF No. 36-4); and

21  5) Hold a *Franks* hearing regarding misstatements and omissions in the various

22  subpoenas and search warrant applications (ECF No. 36-5).

23          On November 1, 2011, the grand jury in the Southern District of California

24  returned a single count Indictment charging Defendant Ruben Lee Rudtke with

25  distributing images of minors engaged in sexually explicit conduct, in violation of 18

26  U.S.C. § 2252(a)(2).

27          On the same day, Defendant Rudtke was arraigned and entered a plea of not

28  guilty.  Defendant Rudtke was released on bond.

1    On April 9, 2012, Defendant Rudtke failed to appear at his motion hearing before
2  this Court.  A no bail bench warrant was issued.

3    Defendant Rudtke was later arrested in Malta and  returned to the United States.

4    On August 13, 2013, Defendant Rudtke appeared before the United States
5  Magistrate Judge.

6    On September 9, 2013, Defendant Rudtke filed the motions to suppress before
7  this Court.

8    On December 13, 2013, the Government filed its response.   The Court held a
9  hearing.  The parties were given the opportunity to present evidence and to contest any
10  fact in the record.  The parties agreed that an evidentiary hearing was not required, with
11  the exception of Defendant's request for a *Franks* hearing.

12                           **UNDISPUTED FACTS**

13    In December 2010, the Federal Bureau of Investigations (FBI) began an
14  investigation into individuals in the San Diego, California area using the public website,
15  Craigslist.com (Craigslist) to meet other individuals who expressed interest in sexually
16  exploiting children and trading child pornography.

17    In January 2011, members of the Internet Crimes Against Children Task Force
18  executed a warrant at the home of Christopher Ian Gustard after task force agents
19  utilized a publicly available peer-to-peer file sharing program to download illegal
20  images of child pornography from Gustard.[1]  In an interview with task force agents,
21  Gustard admitted to using the on line service Craigslist to find other individuals
22  sexually attracted to children.  Gustard told agents that he communicated using the
23  email address musclstud21@yahoo.com with others interested in child pornography.
24   Gustard told agents that he would use the term "taboo" in his postings to indicate that
25  he was interested in finding someone who was sexually interested in children.  Agents
26  viewed the email address twohottiessd@yahoo.com on the profile section of Gustard's
27  accounts.  (ECF No. 36-7 at 10).

28  _____

[1] Gustard was prosecuted in *United States v. Gustard*, 11CR1838 BEN.

On February 9, 2011, utilizing information obtained from Gustard, task force agents received a federal search warrant from the United States Magistrate Judge for the email accounts musclstud21@yahoo.com and twohottiessd@yahoo.com. (ECF No. 36-7 at 11).

On March 1, 2011, task force agents received a compact disk from Yahoo! that contained the information sought in the search warrant for the email accounts musclstud21@yahoo.com and twohottiessd@yahoo.com. Agents discovered numerous email accounts communicating with Gustard, via these email accounts regarding interests in child pornography. *Id.*

On March 3, 2011, task force agents served an administrative subpoena on Craigslist requesting Craigslist postings made by Gustard via the email addresses musclstud21@yahoo.com and twohottiessd@yahoo.com.   (ECF No. 36-3 at 2).

On March 8, 2011, Craigslist responded to the subpoenas with the data regarding the ads that had been posted on twohottiessd@yahoo.com between March 24, 2009 and December 13, 2010.  The data provided by Craigslist included the Postings (ECF No. 43-2) and the Response Logs for the Postings  (ECF No. 43-3).  The Postings included the language of the ad posted and other information including the Posting ID number, the date on which the ad was published, and the reply email.  The Response Logs identify what email user, if any, responded to the ad.  The Response Logs identify the Posting ID number of the ad and the email address of each email user that responded to the ad.  Cross-referencing the Postings and the Logs allowed law enforcement to associate the email users responding to a specific ad posted by Gustard.  Law enforcement identified curtis.munsey@gmail.com as one of the many email users that responded to Gustard's Craigslist posts.  (ECF No. 43-2 at 1-11).

On March 10, 2011, task force agents served an administrative subpoena upon Craigslist for the postings made by fifteen different email users including curtis.munsey@gmail.com, raymond.a.evans@gmail.com, and derekmurphystory@yahoo.com.  (ECF No. 36-4).

On April 20, 2011, Craigslist responded to the subpoena with information including a list of ads that curtis.munsey@gmail.com placed on Craigslist between October 12, 2008 and March 9, 2011. (ECF No. 36-4).

On May 6, 2011, task force agents sought and obtained a federal search warrant to Google, Inc. for the email addresses curtis.munsey@gmail.com and forbes.dm@gmail.com . (ECF No. 43-5).

On May 23, 2011, task force agents received the results of the federal search warrant for the email addresses curtis.munsey@gmail.com and forbes.dm@gmail.com. (ECF No. 36-5).

On June 16, 2011, task force agents sought and obtained a federal search warrant to Yahoo, Inc. for nine email addresses including jeremyhester8@yahoo.com. In the probable cause for the email account jeremyhester8@yahoo.com, FBI Special Agent Daniel Evans stated:

> After obtaining a search warrant for the email account curtis.munsey@gmail.com, agents conducted a review of messages sent and received from this account. During this review, agents discovered 17 email communications with the email address jeremyhester8@yahoo.com which were sent between March 24, 2011 and April 29, 2011. These messages started after curtis.munsey@gmail.com responded to a Craigslist posting made by jeremyhester8@yahoo.com. In the first message, curtis.munsey@gmail.com indicated that he had "taboo interests."
>
> On March 24, 2011, curtis.munsey@gmail.com informed jeremyhester8@yahoo.com that he is interested in young children. In response jeremyhester8@yahoo.com asked "got pics/vids?"
>
> On April 28, 2011, jeremyhester8@yahoo.com sent an email to curtis.munsey@gmail.com that contained two child pornography images. Both of these images show prepubescent males performing oral sex on other prepubescent boys. The text of the email says "what do you think of these? Got tons more"

(ECF No. 36-7 at 16).

Also on June 16, 2011, Special Agent Evans sought and obtained a search warrant from Microsoft, Inc. for the email address dogfckboi@hotmail.co.uk. (ECF No. 43-6). In the support of probable cause, Agent Evans relied upon information obtained from the email search warrant for curtis.munsey@gmail.com for details of communications, including an actual email exchange of child pornography. Agent

Evans stated in his declaration:

> After obtaining a search warrant for the email account curtis.munsey@gmail.com, agents conducted a review of messages sent and received from this account. During this review, agents discovered 25 email communications with the email address dogfckboi@hotmail.co.uk which were sent between December 14, 2010 and December 28, 2010. Despite the fact that the email account appears to have been created in the United Kingdom, the user of the account states that he is in San Diego, California.
>
> After exchanging several email messages about sex with under aged children, dogfckboi@hotmail.co.uk sent an email message containing four pictures of prepubescent boys. In all of these pictures the boys are nude and the focus is on their penises.

(ECF No. 43-6 at 16).

On June 20, 2011, Agent Evans reviewed the return for the mail search warrant for the email account of dogfckboi@hotmail.co.uk. The results indicated that the email account no longer existed. (ECF No. 36-12).

While reviewing the results of the search warrants for the email addresses jeremyhester8@yahoo.com and dogfckboi@hotmail.co.uk, Agent Evans discovered that each user had provided a phone number and that the phone numbers (760-453-6596) were the same. Agent Evans caused an administrative subpoena to be served upon Sprint requesting subscriber information for the phone number 760-453-6596. (ECF No. 36-9). The response to the subpoena identified the subscriber as Reuben L. Rudtke, 32762 Rancho Ladera Road, Bonsall, California, 92003. (ECF No. 36-11 at 16-17).

On July 3, 2011, Agent Evans caused an administrative subpoena to be served on Craigslist for the postings made by several email accounts including jeremyhester8@yahoo.com. (ECF No. 36-6).

On July 5, 2011, Agent Evans reviewed the results of the search warrant served on Yahoo! for the email account jeremyhester8@yahoo.com. (ECF No. 36-8). The email communications included messages from an email address in response to Craigslist postings. *Id.*

On August 4, 2011, Craigslist responded to the administrative subpoena for the

1  postings by jeremyhester8@yahoo.com.

2      On September 30, 2011, Agent Evans sought and obtained a search warrant for

3  Defendant's residence at 32762 Rancho Ladera Road, Bonsall, California, 92003. (ECF

4  No. 36-11).

5  **CONTENTIONS OF THE PARTIES**

6      Defendant moves the Court to suppress "all evidence discussed herein."   (ECF

7  No. 36-1 at 31).   Defendant identifies the following four government actions: 1)

8  Administrative subpoenas to Craigslist; 2) Search warrant to Yahoo!, 3) Other

9  administrative subpoenas to Sprint and AT&T; and 4) Search warrant for Rudtke

10  residence and computers.  (ECF No. 36-1 at 2).  Defendant contends "[e]ach of these

11  searches and seizures was fraught with statutory and constitutional problems." *Id.* at 4.

12

13      The Government contends that Defendant has no standing to challenge the

14  Craigslist subpoenas in which he was not a target.  The Government further contends

15  that the Craigslist subpoenas and the search warrants involved in this investigation

16  complied with all aspects of the Electronic Communications Protection Act and the

17  Fourth Amendment.

18  **RULINGS OF THE COURT**

19  **1) <u>Administrative subpoenas to Craigslist</u>**

20      Defendant Rudtke contends that the "Government's administrative subpoenas to

21  Craigslist" were invalid on the grounds that 1) the subpoenas violated the Electronic

22  Communications Protection Act obtaining "electronic communications" without a

23  warrant or notice to the consumer; 2) the subpoenas violated his Fourth Amendment

24  rights by breaching a legitimate expectation of privacy in otherwise anonymous on line

25  postings; and 3) the subpoenas improperly included an "extra-judicial" instruction to

26  keep the subpoenas secret in violation of the First and Fourth Amendments.

27      The Government contends that Defendant Rudtke has no standing to challenge

28  the Craigslist subpoena returns related to Gustard and Munsey because Defendant was

not a target of those subpoenas.  Even assuming that Defendant has standing, the Government contends that all administrative subpoenas to Craigslist involved in this investigation complied with the Electronic Communications Protection Act and that no Fourth Amendment violation occurred in this case.  The Government asserts that the information provided by Craigslist in response to the administrative subpoenas is authorized under the Electronic Communications Protection Act and that the information did not include the content of any communication precluded under the Electronic Communications Protection Act.  The Government asserts that an individual posting an ad on Craigslist does not have a reasonable expectation of privacy in the content of the ad itself.  The Government further contends that the request made to Craigslist not to disclose the existence of the subpoena violates no aspect of the First Amendment rights of any party related to this case.

The investigation in this case included a series of administrative subpoenas and search warrants.  On March 3, 2011, the Government issued an administrative subpoena for the Craigslist accounts of musclstud21@yahoo.com and twohottiessd@yahoo.com (ECF No. 36-3 at 2) (Gustard accounts)  and on March 10, 2011,  the Government issued an administrative subpoena for the Craigslist account of curtis.munsey@gmail.com (ECF No. 36-4) (Munsey account).   The Government subsequently identified two email accounts that it alleges were operated by Mr. Rudtke, jeremyhester8@yahoo.com and dogfckboi@hotmail.com, from communications with curtis.munsey@gmail.com about activities related to child pornography.  In an affidavit in support of a federal search warrant to Yahoo, Inc., FBI Special Agent Daniel Evans stated:

> After obtaining a search warrant for the email account curtis.munsey@gmail.com , agents conducted a review of messages sent and received from this account.  During this review, agents discovered 17 email communications with the email address jeremyhester8@yahoo.com which were sent between March 24, 2011 and April 29, 2011.  These messages started after curtis.munsey@gmail.com responded to a Craigslist posting made by jeremyhester8@yahoo.com.  In the first message, curtis.munsey@gmail.com indicated that he had "taboo interests."

On March 24, 2011, curtis.munsey@gmail.com informed

jeremyhester8@yahoo.com that he is interested in young children.   In response jeremyhester8@yahoo.com asked "got pics/vids?

On April 28, 2011, jeremyhester8@yahoo.com sent an email to curtis.munsey@gmail.com that contained two child pornography images. Both of these images show prepubescent males performing oral sex on other prepubescent boys.  The text of the email says "what do you think of these? Got tons more"

(ECF No. 36-7 at 16).   On July 3, 2011, Agent Evans caused an administrative subpoena to be served on Craigslist for the postings made by several email accounts including jeremyhester8@yahoo.com (ECF No. 36-6) (Rudtke account).

There are no facts in the record which would support standing by Defendant Rudtke to challenge the administrative subpoenas for the Craigslist accounts of Gustard and Munsey.  However, there are no facts in the record which would show that the issuance of the administrative subpoenas to Craigslist for any of the accounts involved in this investigation violated any provision of the  Electronic Communications Protection Act or any aspect of Defendant's constitutional rights.

Section 2703(c)(2) and (3) of the Electronic Communications Protection Act provide:

(2) A provider of electronic communication service or remote computing service shall disclose to a governmental entity the--
(A) name;
(B) address;
(C) local and long distance telephone connection records, or records of session times and durations;
(D) length of service (including start date) and types of service utilized;
(E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
(F) means and source of payment for such service (including any credit card or bank account number), of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).

(3) A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer.

18 U.S.C. § 2703(2) (3).

The subpoenas sent to Craigslist for the Rudtke account included the following language:

1
2
3
4

We are <u>not</u> directing that you provide, and you should not provide, information pursuant to this subpoena that would disclose the content of any wire communication.  This means you should not disclose "any information concerning the substance, purport, or meaning of" a communication as defined in Title 18 United States Code Section 2510(8). Subject lines of e-mails are content information and should <u>not</u> be provided in response to this subpoena.

5

(ECF No. 36-6 at 3).

6
7
8
9
10
11
12
13
14
15
16
17

The record in this case includes the postings and logs received by the Government in response to the administrative subpoenas for the Gustard account and conclusively shows that the content of communications were not disclosed by Craigslist.  (ECF No. 43-2 and 43-3).  The Postings included the ads posted by the user of the twohottiessd@yahoo.com.  The logs provided the Government with the email address of the users responding to the ad.   The information provided did not disclose the content of any communication in violation of the Electronic Communications Protection Act.  *See United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("e-mail to/from addresses ... constitute addressing information and do not necessarily reveal any more about the underlying contents of communications than do phone numbers.  When the government obtains the to/from addresses of a person's e-mails... it does not find out the contents of the messages...").

18
19
20
21
22
23
24
25
26
27
28

A Fourth Amendment search "occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable."  *Kyllo v. United States,* 533 U.S. 27, 33 (2001).  In this case, the information relating to the ad posted on Craigslist by the Gustard accounts, the Munsey account and the Defendant's account was intended to be accessible via the internet to anyone in the world with internet access.  The Court  concludes that Defendant Rudtke does not have standing to assert a violation of his  Fourth Amendment rights by the Government obtaining the postings of the Gustard account and the Munsey account.  The Court further concludes that Defendant Rudtke does not have subjective expectation of privacy that society recognizes as reasonable in his Craigslist postings.   A person has no legitimate expectation of privacy in information voluntarily turned over to a third party with the

intent that the information will be shared with anyone with access to the internet. *See e.g. Smith v. Maryland,* 442 U.S. 735, 743-44 (1979) (the Supreme Court concluded that the use of pen register does not constitute a search for Fourth Amendment purposes explaining that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties"); and *United States v. Forrester*, 512 F.3d at 511 (the Court of Appeals concluded that computer surveillance techniques revealing "to" and "from" addresses of email messages are not Fourth Amendment searches).

In this case, the administrative subpoena to Craigslist stated that Craigslist is "commanded and required to disclose" certain information and states:

> THE INFORMATION SOUGHT THROUGH THIS SUBPOENA RELATES TO A FEDERAL CRIMINAL INVESTIGATION BEING CONDUCTED BY THE FBI.  YOUR COMPANY IS REQUIRED TO FURNISH THE INFORMATION.
>
> YOU ARE REQUESTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA INDEFINITELY AS ANY SUCH DISCLOSURE COULD INTERFERE WITH AN ONGOING INVESTIGATION AND ENFORCEMENT OF THE LAW.

(ECF No. 36-6 at 2).  The Court concludes that there are no facts or law to support a conclusion that this language violated the Electronic Communications Protection Act in any manner or the First Amendment rights of any party.

Defendant's motion to suppress fruit of administrative subpoenas to Craigslist is denied.

**2) Search warrant to Yahoo!**

Defendant asserts that the search warrant for Yahoo! records related to the email address jeremyhester8@yahoo.com was the fruit of an illegal Craigslist search,[2] that the warrant was impermissibly overbroad, and that the search warrant did not comply with the guidelines set out in *Comprehensive Drug Testing*.[3]  Defendant asserts that there was no probable cause to request all content of the email account.  Defendant asserts

---

[2] The Court has found that the administrative subpoenas to Craigslist were lawful and will not address this argument further.

[3] *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1180 (9th Cir. 2010) (en banc).

1   that the Government was required to allege in the warrant that the account was used

2   solely in connection with the alleged child pornography offenses in order to request all

3   content of the email account.  Defendant further asserts that the FBI agent reviewing the

4   contents of the account failed to comply with the Procedures set forth in the Warrant

5   when he performed a full review of the results of the warrant.

6          The Government asserts that the seizure and the search were properly supported

7   by probable cause to seize all of the items described in the warrant.  The Government

8   points out that the search protocol in *Comprehensive Drug Testing* are not a

9   constitutional requirement but asserts that the search complied with the Procedures in

10  the warrant.   The Government asserts that the search in this case was directed

11  specifically to information regarding Defendant's possession of child pornography and

12  Defendant's sexual interest in children.  The Government contends that the seizure and

13  search of the email communication for jeremyhester8@yahoo.com did not involve an

14  over seizure of data and that the review of the entire email account was authorized by

15  the warrant.

16         On June 16, 2011, the Magistrate Judge issued a Search and Seizure Warrant to

17  "data located at Yahoo, Inc., 701 First Avenue, Sunnyvale, California and other

18  locations where data relating to requested user accounts may be stored.  This includes

19  servers and storage devices being utilized by Yahoo, Inc. which may be maintained at

20  other locations."   (ECF No. 36-7 at 4).  The Warrant identified "ITEMS TO BE

21  SEIZED" to include: "all subscriber and/or user information, all electronic mail, images,

22  message, histories, buddy lists, profiles, address books, chat logs, methods of payment,

23  detailed billing records, access logs, transactional data and any other files associated

24  with the following Yahoo email account: ... jeremyhester8@yahoo.com.  The Warrant

25  provided in relevant part:

26         The search of the data supplied by Yahoo pursuant to this warrant will be
           conducted as provided in the affidavit submitted in support of this search
27         warrant and will be limited to:

28                 i.  Communications and attachments related to any contact
                   with any individual concerning a sexual interest in children,

- 11 -

1

2

    the transmission of child pornography, and any other information reflecting potential violations of Title 18, United States Code, Section 2252 and 2252A.

3

4

    ii. Electronic mail and attachments related to the identities of any co-conspirators

5

6

7

    iii. Electronic mail and attachments that provide context to any electronic mail reflecting the criminal activity described in this warrant including any electronic mail sent or received in temporal proximity to any relevant electronic mail and any electronic mail that identifies any users of the subject account.

8  (ECF No. 36-7 at 5).   Special Agent Daniel Evans of the Federal Bureau of

9  Investigation stated as follows:

10

11

12

13

    Undersigned Agent conducted a review of the results of the federal search warrant served on the email account, "jeremyhester8@yahoo.com" ... The user of the account goes by the name "Jeremy" and frequently posts and responds to Craigslist ads in the San Diego area.  This account appears to have been set up to communicate [] with others about his interest in both child pornography and bestiality. ...

14

15

16

    The search warrant for "jeremyhester8@yahoo.com" yielded approximately seven-hundred-thirteen (713) emails associated with that email address.  Undersigned Agent performed a full review of the results and confirmed that the owner of the account expresses an interest in child pornography and admits to having such images in his possession.  He also admits to having sexual relations with both boys and dogs.

17

18

    It was determined that the user of jeremyhester8@yahoo.com communicated with users of the following seven (7) email addresses regarding aa mutual sexual interest in children.....

19  (ECF No. 36-8 at 2).

20      The Fourth Amendment requires that a warrant particularly describe both the

21  place to be searched and the person or things to be seized.  U.S. Const. amend IV.  The

22  particularity requirement prevents general, exploratory searches and "ensures that the

23  magistrate issuing the warrant is fully apprised of the scope of the search and can thus

24  accurately determine whether the entire search is supported by probable cause." *United*

25  *States v. Mann*, 389 F.3d 869, 877 (9th Cir. 2004).   The Court of Appeals explained the

26  specificity required as follows:

27

28

    The specificity required in a warrant varies depending on the circumstances of the case and the type of items involved.  Warrants which describe generic categories of items are not necessarily invalid if a more precise description of the items subject to seizure is not possible.  While

1
2
3

> a search warrant must describe items to be seized with particularity sufficient to prevent a general, exploratory rummaging in a person's belongings, it need only be reasonably specific, rather than elaborately detailed.

4
5
6
7

> In determining whether a description is sufficiently precise, we have concentrated on one or more of the following: (1) whether probable cause exists to seize all items of a particular type described in the warrant, (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not, and (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued.

8   *Id*. at 877-878.  (citations and quotations omitted).  In the computer context, the Court

9   of Appeals for the Ninth Circuit has applied the holding in *United States v. Tamura*,

10  694 F.2d 591 (9th Cir. 1982) to determine whether the seizure and search of

11  intermingled documents complies with the requirements of the Fourth Amendment.

12  *See United States v. Schesso*, 730 F.3d 1040, 1047-48 (9th Cir. 2013) (Court of Appeals

13  discusses the seizure in *Tamura* which far exceeded the documents detailed in the

14  warrant and required procedural safeguards and monitoring by a magistrate judge).

15      In this case, the facts detailed in the Affidavit of Special Agent Daniel Evans in

16  Support of the Search Warrant Application, combined with reasonable inferences from

17  those facts, provided probable cause to seize and search the entire content of the email

18  account jeremyhester8@yahoo.com for evidence of violations of federal criminal law,

19  namely Title 18,United States Code § 2252(a) and 2252A(a).  The affiant detailed a

20  child pornography investigation into individuals living in the San Diego area using the

21  on line service Craigslist to find others who are sexually attracted to children.  The

22  affiant detailed interviews with an individual who confirmed that he often used

23  Craigslist to find other people interested in sex with children.  The affiant detailed an

24  investigation in which a federal search warrant had been issued for email accounts of

25  this individual and numerous email accounts were discovered in which the individual

26  was communicating with others about interests in child pornography and/or sexual

27  exploitation with children.   The affiant explained that most of the users were

28  communicating as a result of messages posted on Craigslist.  The affiant explained his

1  experience reviewing several thousand email messages and the typical term used to

2  indicate an interest in child pornography and sexual exploitation of children.

3     The affiant explained that the investigation had identified email account

4  jeremyhester8@yahoo.com and detailed specific probable cause to believe that the

5  email account jeremyhester8@yahoo.com had been used to facilitate the possession of

6  child pornography and the sexual exploitation of children, including the attachment of

7  two images of  child pornography to an email sent from jeremyhester8@yahoo.com to

8  an email address that was the subject of another federal search warrant in this

9  investigation. The Magistrate Judge properly drew the "reasonable inference" that there

10 was probable cause to believe that the email address was being used to facilitate

11 criminal activity. *Illinois v. Gates*, 462 U.S. 213, 240 (1983).  The Magistrate Judge

12 made the "practical, common-sense decision" that "given all the circumstances set forth

13 in the affidavit ... there [was] a fair probability that contraband or evidence" of child

14 pornography would be found in the contents of the electronic mail associated with the

15 email account jeremyhester8@yahoo.com. *Id*. at 238.  The warrant in this case properly

16 authorized the seizure of all electronic mail associated with the email account and

17 properly authorized the search of the "[c]ommunications ... related to any contact with

18 any individual concerning a sexual interest in children." (ECF No. 36-7 at 5).

19    The warrant contained search procedures which stated that the agent requested

20 authority to seize all contents from the Yahoo email account and to make a digital copy

21 of the entire contents of the account.  "The copy will be forensically imaged and the

22 image will then be analyzed to identify communications and other data subject to

23 seizure."  (ECF No. 36-7 at 22).  In this case, the agent conducted a full review of the

24 contents of the information seized pursuant to the procedures set forth in the warrant.

25 The warrant authorized a seizure limited to the email communications from an email

26 account for which there were specific facts showing that the account was being used to

27 facilitate crimes of possession of and dealing in child pornography.  Unlike the typical

28 computer seizure case, the agent did not seize any files that were not specified in the

warrant.  *See United States v. Comprehensive Drug Testing, Inc. ("CDT III"),* 621 F.3d 1170, 1177 (9th Cir.  2010) (en banc) (per curiam) ("the reality that overseizing is an inherent part of the electronic search process" calls for "greater vigilance" by judicial officers).   In this case, the agent had probable cause to search the communications seized for evidence of crime involving child pornography.  The agent was authorized to conduct a search of the information seized under the warrant.  *See United States v. Schesso*, 730 F.3d 1040, 1047 (9th Cir. 2013) ("Schesso's scenario did not implicate the real concern animating the court in *CDT III* and *Tamura*: preventing the government from overseizing data and then using the process of identifying and segregating sizeable electronic data to bring constitutionally protected data into ...plain view.") (internal quotations and citations omitted).

The Court concludes that the warrant was not overbroad and the search was conducted within the protocol set forth in the Warrant.  Defendant's motion to suppress fruit of search warrant to Yahoo! email account is denied.

**3) Administrative subpoenas to Sprint and AT&T**

Defendant moves to suppress information responsive to administrative subpoenas: June 27, 2011 "the customer utilizing the IP address 71.136.254.250" (Defendant Exhibit 7) and July 5, 2011 "customer utilizing phone number 760-453-6569" (Defendant Exhibit 8).  Defendant asserts that both subpoenas contained a warning that "you are requested not to disclose the existence of this subpoena indefinitely as any such disclosure could interfere with an ongoing investigation and enforcement of the law."   Defendant asserts that this is an "unconstitutional prior restraint on speech that should not be sanctioned by this Court."  (ECF No. 36-1 at 24).

The Government contends that the results of the Sprint and AT&T subpoenas which identified Defendant's address from the phone number 760-453-6596 identified from the email addresses jeremyhester8@yahoo.com and dogfckboi@hotmail.co.uk , did not contain an "extrajudicial gag order."  The Government asserts that the request not to disclose was voluntary.

1    The relevant subpoena contained the following language: Sprint/Nextel
2    Communications is  "commanded and required to disclose" certain information and
3    states:

> THE INFORMATION SOUGHT THROUGH THIS SUBPOENA
> RELATES TO A FEDERAL CRIMINAL INVESTIGATION BEING
> CONDUCTED BY THE FBI.  YOUR COMPANY IS REQUIRED TO
> FURNISH THE INFORMATION.
>
> YOU ARE REQUESTED NOT TO DISCLOSE THE EXISTENCE OF
> THIS SUBPOENA INDEFINITELY AS ANY SUCH DISCLOSURE
> COULD INTERFERE WITH AN ONGOING INVESTIGATION AND
> ENFORCEMENT OF THE LAW.

9    (ECF No. 36-9 at 2).  While the production of information was a command, the non-
10   disclosure was a request.  The Court concludes that there are no facts or law to support
11   a conclusion that this language violated the Electronic Communications Protection Act
12   in any manner or the First Amendment rights of any party.  Defendant's motion to
13   suppress fruit of administrative subpoenas to Sprint and AT&T to obtain information
14   for a cell phone number and IP address is denied.

15   **4) Search warrant for Rudtke's residence**

16   Defendant contends that the search warrant was fruit of prior illegal searches of
17   the email accounts of jeremyhester8@yahoo.com and dogfckboi@hotmail.co.uk, and
18   that the Government failed to image and return his computers within 45 days as
19   required by the procedures in the warrant.

20   The Government asserts that the warrant authorizing the search of Defendant's
21   home was supported by probable cause and the forensic imaging that revealed child
22   pornography occurred ten days after the seizure as required by the procedures in the
23   warrant.

24   On September 30, 2011, Agent Evans sought and obtained a search warrant for
25   Defendant's residence at 32762 Ranchos Ladera Road, Bonsall, California 92003. (ECF
26   No. 36-11).  In the Affidavit in Support of Application for Search Warrant, Special
27   Agent Evans detailed the child pornography investigation into individuals living in the
28   San Diego area using the on line service Craigslist to find others who are sexually

attracted to children.  Special Agent Evans detailed use of electronic communications services to subscribers including Google, Microsoft, and Yahoo's electronic mail services; and the on line message board at Craigslist to connect individuals communicating about interests in child pornography and/or sexual exploitation of children.  The affiant explained his experience reviewing several thousand email messages and the typical term used to indicate an interest in child pornography and sexual exploitation of children.  The affiant stated in part: "During the course of the investigation, your affiant executed search warrants on the email accounts jeremyhester8@yahoo.com and dogfckboi@hotmail.co.uk.    "After reviewing the results of the search warrants and subpoenas that were issued in connection with the accounts, agents were able to determine both of the accounts are being operated by an individual named Reuben Lee Rudtke."  (ECF No. 36-11 at 15).  The affiant detailed the review of the email account jeremyhester8@yahoo.com including communication with other email users involved in the investigation in which both users admitted to being attracted to young children.    The affiant explained that the user of jeremyhester8@yahoo.com provided his phone number; that a subpoena was served on Sprint Communications requesting subscriber information and that the response identified the subscriber as Reuben Rudtke, 32762 Rancho Ladera Road, Bonsall, California 92003.  The affiant described in detail specific email communications between jeremyhester8@yahoo.com and another email user in which child pornography was sent including the message "what do you think of these? got tons more." (ECF No. 36-11 at 16).

The affiant further described email communications from the email account dogfckboi@hotmail.co.uk sent between December 15, 2010 and December 28, 2010 identifying the phone number of the user as the same phone number provided by the user of jeremyhester8@yahoo.com.  In an email communication sent on December 27, 2010, the affiant stated that user of  dogfckboi@hotmail.co.uk  sent four child pornography images to another email user.  The affiant described the images in detail

and described an electronic message sent by the user of dogfckboi@hotmail.co.uk stating "my youngest was 14 - how about you?" *Id*. at 17.  The affiant detailed surveillance on the residence and described in detail the items involved in the distribution and collection of child pornography which would be the subject of the search.

The Affidavit of Special Agent Evans relied upon evidence properly seized by administrative subpoenas and search warrants.  The Magistrate Judge reasonably concluded that evidence of a violation of 18 U.S.C. §§ 2252, 2252A would be found at the residence.  There are no grounds upon which to suppress the evidence seized and searched from Defendant's residence.  Defendant's motion to suppress fruit of search warrant for defendant's residence and computers is denied.

**5) Hold a *Franks*[4] hearing regarding misstatements and omissions**

Defendant contends that "Agent Evans has included numerous false statements in various search warrants affidavits to the court."  (ECF No. 36-1 at 30).  Defendant asserts that Agent Evans falsely informed the Magistrate Judge that "all forensic analysis of the imaged data will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant." *Id.*  Defendant asserts that the affiant did not properly inform the Magistrate Judge about the administrative subpoenas in this case.  Finally, Defendant asserts that a conflict in a statement made by Agent Evans in a written report and a statement made by Agent Evans in the affidavit in support of the search warrant for Defendant's residence demonstrates that the agent intentionally mislead the court and requires a *Franks* hearing.

The Government contends that the search warrant protocols were complied with in this case and that Agent Evans fully informed the Magistrate Judge of all facts related to the administrative subpoenas.  The Government  agrees that the Defendant has correctly identified an apparent conflict in statements between a written report by Agent

---

[4] *Franks v. Delaware*, 438 U.S. 154 (1978).

1 Evans and a statement in a search warrant application.  The Government offers the

2 explanation of Agent Evans for the apparent conflict and asserts that the mistake was

3 not reckless or intentionally misleading.

4     In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court examined the

5 circumstances under which a defendant may "attack the veracity of a warrant affidavit

6 after the warrant has been issued and executed."  *Id*. at 164.  "A defendant is entitled to

7 a *Franks* hearing only if he makes a two-fold showing: intentional or reckless inclusion

8 or omission, and materiality."  *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir.

9 2000). The movant bears the burden of proof and must make a substantial showing to

10 support both elements. *United States v. Garcia-Cruz*, 978 F.2d 537, 540 (9th Cir. 1992).

11     In this case, Defendant has not identified any misleading facts or omissions by

12 the affiant related to the search protocol or the administrative subpoenas.  There is an

13 apparent conflict noted by the Defendant and recognized by the Government in a

14 statement made by Agent Evans in a report and a statement made by Agent Evans in the

15 search warrant application for Defendant's residence.   Agent Evans stated in his

16 Affidavit In Support of Application for Search Warrant for Defendant's residence:

17     While reviewing the search warrant results for the email account
dogfckboi@hotmail.co.uk, your affiant discovered 25 email

18 communications with the email address curtis.munsey@gmail.com which
were all sent between December 15, 2010 and December 28, 2010.  In one

19 of the messages sent on December 16, 2010, dogfckboi@hotmail.co.uk,
provided the phone number 760-453-6596.  This phone number is the

20 same contact number provided by jeremyhester8@yahoo.com.

21 (ECF No. 36-11 at 16).  Agent Evans explains in a declaration:

22     In a FBI 302, dated June 23, 2011, I wrote that the search warrant return
for dogfckboi@hotmail.com revealed that the account did not exist. Def.

23 Exh.10.  In another document, I indicated that I performed a review of the
search warrant results for dogfckboi@hotmail.com. Def. Exh. 9 at 9 Para

24 34.  In response to these apparently conflicting statements, I have reviewed
the evidence related to this case.   I now believe that there was an

25 unintentional typo in the search warrant application.  Instead of it stating
"While reviewing the search warrant results for the email account

26 dogfckboi@hotmail.co.uk" it should have stated "While reviewing the
search warrant results for curtis.munsey@gmail.com for the emails

27 exchanged with dogfckboi@hotmail.co.uk." I believe this was what I
intended to have written, because although dogfckboi@hotmail.co.uk does

28 not appear to have a search warrant return, I have re-verified that the
curtis.munsey@gmail.com email user did exchange approximately 25

1   email communications with dogfckboi@hotmail.co.uk.  The rest of the
2   information in that section, including the content of the emails exchanged
    between those two email users, appears to be accurate.

3   (Declaration of Daniel P. Evans, ECF No. 43-1 at 3-4).  The explanation offered by

4   Agent Evans for the apparent inconsistency is reasonable and consistent with the time

5   line of the overall investigation.   Agent Evans obtained the search results for

6   curtis.munsey@gmail.com  on May 23, 2011.  (ECF No. 36-5).  The representation by

7   Agent Evans that "the curtis.munsey@gmail.com email user did exchange

8   approximately 25 email communications with dogfckboi@hotmail.co.uk.  The rest of

9   the information in that section, including the content of the emails exchanged between

10  those two email users, appears to be accurate"  (ECF No. 43-1 at 4) can be confirmed

11  by Defendant.  Defendant has offered no contest to the explanation provided by Agent

12  Evans.  Based upon the record, the Court concludes that Defendant has failed to offer

13  proof that the misstatement by Agent Evans represented a deliberate falsehood or a

14  reckless disregard for the truth or that the misstatement was material to the finding of

15  probable cause.  While Agent Evans mistakenly identified the source of his review of

16  dogfckboi@hotmail.co.uk providing the phone number 760-453-6596 in the search

17  warrant affidavit, the agent correctly represented that the email address

18  dogfckboi@hotmail.co.uk provided the phone number 760-453-6596, which was

19  material to the finding of probable cause.  *See United States v. Chavez-Miranda*, 306

20  F.3d 973, 979-80 (9th Cir. 2002) (defendant offers no evidence to support the claim that

21  omissions were reckless or intentionally misleading is not entitled to a *Franks* hearing).

22  The Court concludes that there are no grounds in this case to require a *Franks* hearing.

23  Defendant's request to hold a *Franks* hearing is denied.

24  **CONCLUSION**

25       IT IS HEREBY ORDERED that 1) Defendant's motion to suppress fruit of

26  administrative subpoenas to Craigslist  (ECF No. 36-1) is denied; 2) Defendant's

27  motion to suppress fruit of search warrant to Yahoo! Email account (ECF No. 36-2) is

28  denied; 3) Defendant's motion to suppress fruit of administrative subpoenas to Sprint

and AT&T (ECF No. 36-3) is denied;  4) Defendant's motion to suppress fruit of search warrant for residence and computers (ECF No. 36-4) is denied; and 5) Defendant's request to hold a *Franks* hearing regarding misstatements and omissions in the various subpoenas and search warrant applications (ECF No. 36-5) is denied.

DATED:  February 20, 2014

**WILLIAM Q. HAYES**
United States District Judge

11CR4956 WQH